In re Douglas M. NEWMAN, Debtor.

Harbor Marketing, Inc. and Charles Barrow, Plaintiffs

v.

Douglas M. Newman, Defendant.

Bankruptcy No. 10–31518 (JBR).
Adversary No. 10–3105.

United States Bankruptcy Court, D. Connecticut.

Oct. 23, 2013.

Jon P. Newton, Esq., Brian O'Donnell, Esq., Reid and Riege, P.C., Hartford, CT, for Plaintiffs/Movants.

Taruna Garg, Esq., David P. Friedman, Esq., Murtha Cullina LLP Stamford, CT, for Respondents Thomas J. Walsh, Esq. and Brody Wilkinson P.C.

Stephen P. Wright, Esq., Goldman, Gruder & Woods, LLC, Trumbull, CT, for Defendant/Debtor.

### MEMORANDUM AND ORDER ON THE PLAINTIFFS' MOTION TO COMPEL

JOEL B. ROSENTHAL, Bankruptcy Judge.

Plaintiffs/movants in this adversary proceeding, Charles Barrow and Harbor Mar-

keting, Inc. ("Harbor Marketing"), have filed the instant motion to compel (ECF # 22) seeking production of several documents held by the respondents. Respondents Thomas J. Walsh and Brody Wilkinson P.C. ("Brody Wilkinson") raise several objections to the requested production.

First, the respondents claim that they represented North Branford Car Care, LLC and 2381 Foxon Road, LLC (hereinafter collectively the "LLCs") and that the documents sought in the motion are accordingly privileged and/or constitute materials protected under the attorney work product doctrine. The respondents continue that the plaintiffs/movants, as mere members of the LLCs and not "managers" are not entitled to privileged documents and/or work product of the LLCs' counsel. Second, the respondents argue that the distinction between the governing statute's use of the words "record" in Conn. Gen. Stat. § 34–144(c) as opposed to "information" as used in § 34–144(d) operates to shield the requested documents from production pursuant to § 34–144(c).[1] Third, the respondents argue that, in their reading, " . . . § 34–144(d) . . . imposes disclosure obligations on the LLCs and not their counsel" and as such the requested production is not required of them. Lastly, as regards a very few of the documents at issue, Walsh and Brody Wilkinson additionally argue that those documents fall within the mediation privilege established under state law.[2]

The Connecticut law dealing with LLC members, and their *access* to the LLC documents states in relevant part:

> . . . [m]embers, if management of the limited liability company is vested in the members, or managers, if management of the limited liability company is vested in managers, shall render, to the extent the circumstances render it just and reasonable, true and full information of all things affecting the members to any member and to the legal representative of any deceased member or of any member under legal disability.

Conn. Gen.Stat. § 34–144(d) (West 2013).

Walsh and Brody Wilkinson argue that since "[p]laintiffs . . . are not and never have been managers [of the LLCs]" then as non-managing members the plaintiffs are not entitled to receive the documents sought. ECF # 32 at 6.

The court disagrees. The Connecticut legislature was very specific in granting courts the "gatekeeper" role in LLC situations by including express language in § 34–144(d) that "full information of all things affecting the members . . . shall [be] render[ed] . . . *to the extent the circumstances render it just and reasonable[.]* " Conn. Gen.Stat. § 34–144(d) (emphasis added).

Clearly, a Connecticut LLC has the ability to claim documents are subject to the attorney-client privilege. The respondents

---

**1.** The court declines to reach the merits of the respondents' argument regarding Conn. Gen. Stat. § 34–144(c) as the court deems it inapplicable. The court notes that it does not base its decision in this matter on Conn. Gen. Stat. § 34–144(c), but rather, as outlined herein, proceeds under the clear provisions of § 34–144(d) alone.

**2.** Conn. Gen.Stat. § 52–235d(b) provides in relevant part that an attorney or mediation participant:

> . . . shall not voluntarily disclose or, through discovery or compulsory process, be required to disclose any oral or written communication received or obtained during the course of a mediation, unless . . . (4) the disclosure is required as a result of circumstances in which a court finds that the interest of justice outweigh the need for confidentiality, consistent with the principles of law.

Conn. Gen.Stat. § 52–235d(b) (West 2013).

in their submissions repeatedly express their concern that the court's conclusion in this matter could potentially "obliterate" or "eviscerate the attorney-client privilege belonging to LLCs" in Connecticut. The court neither intends nor foresees such an extreme or generalized result as a consequence of its conclusions here and emphasizes that it is not advancing a bright line rule but rather a limited and fact-specific holding based on the particular circumstances of this case.

The court does not see this as a privilege question but as an access question under the LLC statute. Conn. Gen.Stat. § 34–144(d) as quoted above, expressly requires, *inter alia*, that an LLC render full information of all things affecting LLC members to those members, to the extent the circumstances render it just and reasonable. The court thus bases its conclusion, per the clear language of the statute, (*e.g., Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("[w]hen the words of a statute are unambiguous, then ... judicial inquiry is complete")), on a careful consideration of the specific circumstances of this case and the extent to which those circumstances make production of the requested documents "just and reasonable."

The documents at issue in this case are sought for use in litigation between members and the managing member based on the managing member's conduct in operation of the LLCs, including solicitation of their investments in the LLCs. This court cannot think of circumstances more reasonable than that for allowing access to these LLC documents. Further, in these circumstances allowing a manager accused of fraud to utilize the LLCs' privilege as a shield to insulate himself from allegations of fraud brought by members of the LLCs strikes the court as palpably unjust, particularly where the LLCs themselves are not even parties to the action. *Cf. Montgomery v. eTreppid Technologies, LLC*, 548 F.Supp.2d 1175 (D.Nev.2008) (case wherein plaintiff LLC member sued the LLC as a named defendant, court determined LLC could assert attorney-client privilege against plaintiff's discovery requests).

■ The court also considers it just, in the particular circumstances of this case, to impose a strict confidentiality limitation on the parties, restricting the use and dissemination of the materials that are the subject of this motion to compel to only this legal proceeding. Thus, Walsh and Brody Wilkinson are ordered to turn over to Barrow and Harbor Marketing all documents of the LLCs subject to a confidentiality agreement limiting their use and dissemination to these proceedings.

■ The court is similarly disposed regarding the respondents' asserted work product objections. "[T]he authority of the attorney to invoke work-product protection is limited to situations in which the interests of counsel and client do not conflict.... [T]he attorney cannot fairly be authorized to subvert the client's interests by denying to the client those work papers to which the client deems it necessary to have access." *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 321 (S.D.N.Y. 1991). As discussed above with respect to the asserted attorney-client privilege, Connecticut statute creates a clear duty in the LLCs to provide "true and full information of all things affecting the members to any member[.]" Conn. Gen.Stat. § 34–144(d). In the instant case, the plaintiffs, as members of the LLCs, have requested that they be provided with the documents at issue. In their refusal to allow the requested documents to be produced citing the work product doctrine, the respondents have placed their own interests in conflict with the interests of their clients, the LLCs,—namely the LLCs' interests in

fulfilling their statutory obligations to members. The court will not endorse such an unjust application of the work product doctrine and one that would frustrate express provisions of Connecticut law.

Again however, the court is as wary of establishing a bright-line test regarding work product as it is of establishing one with regard to attorney-client privilege and no such wide-ranging, generalized precedent is intended or anticipated here. Rather, the court relies on a careful consideration of the unique circumstances of this individual case in determining, per § 34–144(d), whether and to what extent production of these documents is "just and reasonable" under the circumstances. Specifically, the court again notes that the claims in this matter are brought by members against a managing member based on the managing member's conduct in operation of the LLCs, including solicitation of their investments in the LLCs and that neither the respondents, nor the LLCs are parties to this action. As discussed above, rigorous application of the work product doctrine in this case would correspondingly operate to deprive the LLCs of their ability to perform their statutory obligation to members and, as with the court's attorney-client privilege analysis, *supra,* the court considers it to be palpably unjust to allow a manager to utilize the LLCs' work product protections as a shield to insulate himself from fraud allegations. Accordingly, the court concludes in the particular circumstances of this case, that Walsh and Brody Wilkinson are ordered to turn over to Barrow and Harbor Marketing all work product of the LLCs subject to a confidentiality agreement limiting their use and dissemination to these proceedings.

■ The court additionally rejects the respondents' suggestion that because § 34–144(d) assigns the duty to provide information to members only to "[m]em-bers, if management of the limited liability company is vested in the members, or managers, if management of the limited liability company is vested in managers," Conn. Gen.Stat. § 34–144(d), the respondents as attorneys and not managers nor members of the LLCs, are thus under no obligation to produce the requested documents. This is incorrect. The respondents' production obligation—setting aside momentarily respondents' asserted objections such as privilege or work product protection, which the court addresses elsewhere in this ruling—arises not by virtue of Conn. Gen.Stat. § 34–144 alone, but also from the fact that both Brody Wilkinson and Walsh were the recipients of properly served subpoenas in this matter. Fed. R. Bankr.P. 9016, declares that Fed.R.Civ.P. 45, governing subpoenas, applies in bankruptcy cases. Rule 45 clearly states that a "person responding to a subpoena to produce documents must produce them . . . ." Fed.R.Civ.P. 45(d)(1)(A) (West 2013). Further, the court has, in the particular circumstances of this case and subject to strict use and confidentiality limitations, already concluded that the plaintiffs as members of the LLC are entitled to the LLC documents at issue. To further hold that such *access* should be frustrated merely due to the fact that the documents were in the possession of the LLCs' agents—their attorneys—rather than the LLCs strikes the court as an unjust and potentially unwise precedent. The court declines to so hold.

■ With respect to the claimed mediation privilege, the court concludes that, in the instant situation, the disclosure of LLC documents is required as the interests of justice outweigh the need for confidentiality as to those materials. Accordingly, all of the LLC documents shall also be turned over subject to a confidentiality agreement limiting their use and dissemination to

these proceedings. In so ordering, the court wishes to clearly instruct the parties that only LLC and LLC attorney documents will be turned over subject to the above-referenced confidentiality and use limitations; no third party documents "received or obtained" as part of the mediation need be turned over. Conn. Gen.Stat. § 52–235d(b); *supra.* It is so ordered.

Accordingly, the plaintiffs/movants' motion to compel (ECF # 22) is hereby **GRANTED IN PART AND DENIED IN PART.** It is so ordered, this 23rd day of October, 2013, at New Haven, Connecticut.